## M. H. VAN SLYKE v. JAMES C. ANDREWS AND OTHERS. JAMES C. ANDREWS AND OTHERS, RESPONDENTS.[1]

### July 16, 1920.

### No. 21,668.

**National bank — time contract of employment as officer void.**

1. A contract made by the directors of a national bank to elect a

1 Reported in 178 N. W. 959.

designated person as an officer of the bank, and maintain him in such office for a specified time at a specified salary, is void and no right of action can be founded thereon.

**Appeal from judgment — what reviewable.**
2. An appeal from a judgment brings before this court for review only the proceedings which resulted in the judgment.

**Motion to amend complaint not reviewable.**
3. No appeal having been taken from the order denying plaintiff's application to vacate the judgment and for leave to amend his complaint, that matter is not before this court for review.

Action in the district court for Hennepin county to recover $11,500 and interest. Certain of the defendants who interposed a joint answer moved for judgment upon the pleadings on the ground, among others, that the facts stated in the complaint did not constitute a cause of action. The motion was granted, Hale, J. From the order granting the motion, plaintiff appealed. Affirmed.

*Daniel Carmichael,* for appellant.

*J. W. Crane,* for respondents.

TAYLOR, C.

Plaintiff appeals from a judgment rendered against him on the pleadings.

On and prior to November 1, 1917, plaintiff was the president and one of the directors of the Metropolitan National Bank of the city of Minneapolis, and the defendants were the other directors of that bank.

The complaint sets forth that plaintiff made an agreement with the defendants to resign the office of president of the bank on November 1, 1917, and to sell his bank stock to the defendants, or any of them, for $130 per share, and that in consideration thereof the defendants agreed to buy one-half of his bank stock at $130 per share, to elect him chairman of the board of directors of the bank and maintain him in that office for a period of 14 months from November 1, 1917, to cause the sum of $14,000 to be paid to him, or to his widow in case of his death, by and through the bank in monthly instalments of $1,000 each, and to secure the continuance and ratification of the agreement by the incoming board

of directors to be elected at the annual stockholders' meeting in January, 1918. The complaint further sets forth that plaintiff resigned the office of president on November 1, 1917, in reliance on the agreement; that on the same date the defendants by resolution elected him chairman of the board of directors for the 14 months ending December 31, 1918; that he served as such chairman until the annual meeting of the stockholders in January, 1918; that at such meeting the defendants failed and refused to re-elect him a director of the bank; that, thereafter, they rescinded the resolution appointing him chairman of the board of directors and have prevented him from performing the duties of that office ever since January 15, 1918, although he has been ready, able and willing to do so, and that they caused the sum of $2,500 to be paid to him under the agreement, but refuse to pay the balance of $11,500 due thereunder, or to cause the same to be paid. Judgment is demanded for the sum of $11,500 and interest.

The defendants Crane, Fertig, Norris, Rodearmel, Schober, Stacy, Steiner, Barton, Wyant, James C. Andrews and Woodbury F. Andrews interposed a joint answer, and thereafter moved for judgment on the pleadings on the ground, among others, that the facts stated in the complaint did not constitute a cause of action. This motion was granted, and on March 22, 1919, judgment was entered that plaintiff take nothing from these defendants. The appeal is from this judgment.

We sustain respondent's contention that the contract set forth in the complaint is void as against public policy, and that no right of action can be founded thereon. The directors of a bank occupy a fiduciary relation to the bank and its stockholders, which disables them from binding themselves by contract to take action in their official capacity for the personal benefit of any one. And if they undertake to bind themselves by contract to elect a designated person as an officer of the bank for a specified time at a specified salary, such contract is illegal and void as it might result in detriment to the interests of the bank. Dickson v. Kittson, 75 Minn. 168, 77 N. W. 820, 74 Am. St. 447; West v. Camden, 135 U. S. 507, 10 Sup. Ct. 838, 34 L. ed. 254; Gage v. Fisher, 5 N. D. 297, 65 N. W. 809, 31 L.R.A. 557; Noel v. Drake, 28 Kan. 265, 42 Am. Rep. 162; Guernsey v. Cook, 120 Mass. 501; Scripps v. Sweeney, 160

Mich. 148, 125 N. W. 72. Furthermore the national banking law expressly provides that any officer of a national bank may be removed at any time by the board of directors, and any contract which would restrict the right to exercise this statutory power is necessarily void.

Plaintiff practically conceded the invalidity of the contract on which he predicated his cause of action, and, on his application, the case was remanded to the lower court for the purpose of permitting him to make an application to that court for the vacation of the judgment and for leave to amend his complaint. Such an application seems to have been made to and denied by that court, but as no appeal was taken from the order denying it, that order is not before this court for review. This appeal is from the judgment and brings up for review only the prior proceedings which resulted in the judgment.

Even if plaintiff had been permitted to amend his complaint by alleging in substance that he was not in pari delicto, for the reason that he was induced to enter into the contract by fraud and coercion on the part of the defendants, it is not clear that his position would have been much improved, for he cannot recover on the invalid contract, and makes no claim that he sustained any loss in the sale of his stock or that he desires to recover it back, and concedes that the defendants had the absolute right to remove him from the office of president whenever they saw fit to do so. However, if he has a valid cause of action, this judgment will probably not bar him from enforcing it. Gerrish v. Pratt & Bunker, 6 Minn. 14 (53) ; Swanson v. Great Northern Ry. Co. 73 Minn. 103, 75 N. W. 1033.

We find no other questions deserving special mention.

Judgment affirmed.