BILLY C. KEMPER, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK IN NEWTON, Defendant-Appellee.

Fifth District    No. 80-323

Opinion filed March 10, 1981.

William A. Sunderman and Janett S. Winter-Black, both of Anderson Law Offices, of Charleston, for appellant.

Robert L. Douglas, of Law Office of Robert L. Douglas, Ltd., of Robinson, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

At a meeting of its board of directors, held on February 14, 1978, the defendant First National Bank in Newton, Illinois, hired the plaintiff, Billy C. Kemper, as its president and trust officer "for the ensuing year." Kemper states that during his service with the bank, he fulfilled all the duties required by those offices. In April of 1978, the board of directors voted to discharge the plaintiff as president and trust officer because he purchased stock in the First National Bank in Newton without telling members of the board. According to Kemper, the board subsequently agreed "that the said termination of employment was without just cause or provocation," and the Bank solicited the resignation of the plaintiff, which he refused to tender.

Kemper brought suit in the Circuit Court of Jasper County, in which he alleged the facts detailed above. In three counts, he requested damages which he claimed to have resulted from his wrongful dismissal. His first count sought an award of $46,316.67, although the basis for requesting this amount is unclear in view of his allegation that he was appointed president at a $39,000 annual salary. The statement of facts in Kemper's brief on appeal indicates that this was a claim for " * * * salary for the remainder of the term." The second count asked for $8,848, alleged to be

the amount of plaintiff's "vested" interest in a pension plan, and the third count requested $5,000 damages for lost life insurance coverage.

The defendant moved for judgment on the pleadings, and arguments were had. The trial court held that the National Banking Act provided in 12 U.S.C. §24 (1976) that the board of directors of a national bank may dismiss an officer at pleasure without incurring any liability to that officer for wrongful discharge. The plaintiff has appealed to this court, where he argues that (1) the National Banking Act does not prohibit damages for wrongful discharge of an officer, (2) if it does, then that judicial construction of the Act should be changed, as it is against public policy, and (3) the trial court erred in entering judgment for the defendant without hearing evidence on compensation earned by the plaintiff, but not paid to him, before his discharge. We need only consider the first two arguments, for, as defendant points out, the complaint did not allege that compensation for the period prior to discharge remained unpaid or seek an award on a theory of *quantum meruit* and unjust enrichment of the defendant. Rather, the complaint sought damages following as a consequence of his dismissal.

The issue presented by this appeal is whether the board of directors of a national bank may dismiss an officer before the expiration of his stated tenure, without incurring liability for wrongful discharge or for breach of contract. It is agreed that this case is governed by the National Banking Act, which provides that a national banking association shall have the power "[t]o elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." 12 U.S.C. §24 (1976).

The bank urges that the phrase "at pleasure" allows the board of directors to dismiss officers at any time without liability. The plaintiff argues that he has a common law right of action stemming from the breach of his contract. He points to a ruling of the Comptroller of the Currency that the board of directors of a national bank, pursuant to paragraph five of 12 U.S.C. 24 (1976), may enter into employment contracts with the officers and employees upon reasonable terms and conditions. He claims that this ruling shows that national banks may enter into employment contracts of definite duration and that, therefore, they may be held liable for discharging an officer before his term has expired.

As both parties note, this issue has been addressed by several courts since the National Banking Act was enacted during the civil war. The provision for dismissal of officers at the pleasure of the board of directors has been construed consistently to allow a national bank to discharge an officer without liability. *Rankin v. Tygard* (8th Cir. 1912), 198 F. 795; *Van*

*Slyke v. Andrews* (1920), 146 Minn. 316, 178 N.W. 959; *Copeland v. Melrose National Bank* (1930), 229 App. Div. 311, 241 N.Y.S. 429, *aff'd without opinion* (1930), 254 N.Y. 632, 173 N.E. 898; *In re Paramount Publix Corp.* (2d Cir. 1937), 90 F.2d 441; *Kozlowsky v. Westminster National Bank* (1970), 6 Cal. App. 3d 593, 86 Cal. Rptr. 52; *Armano v. Federal Reserve Bank* (S.D. Mass. 1979), 468 F. Supp. 674.

These and other cases have stated that, although a national bank may contract to employ an officer for a definite period of time, it may not bargain away its right, granted by statute, to discharge those officers "at pleasure." As the court explained in *Rankin v. Tygard,*

> "An election or appointment to an official position for a fixed term is, it is true, inconsistent with a removal during the term without cause in the absence of a precedent reservation of the right to make such a removal during the term. But an election or appointment to the office for a specified term subject to the precedent expressed condition that the elective or appointive power may remove at will at any time during the term is consistent with such a removal without cause and it is as much an election or appointment for a legal term as an election or appointment without such a reservation. It is an election or appointment for a fixed term subject to recall and the legal term is the time the person elected or appointed will hold his office if the power to recall is not exercised." (198 F. 795, 799.)

The power to contract for a definite term is consistent with the power to discharge an employee before the end of that term. Therefore, the provisions of the National Banking Act may be harmonized with the common law of employment contracts as well as with the ruling of the Comptroller. Here, the plaintiff accepted his employment with knowledge, actual or imputed, of the board's authority to dismiss him at its pleasure. Once the board's approval of his appointment was withdrawn, his contractual status as an employee vanished, and he had no legal right upon which to base his claim.

The plaintiff argues that even if this is an accurate interpretation of the law, it should be changed. He maintains that the Act, designed to protect bank customers in the days before Federal deposit insurance, has no place in the modern banking industry, which needs to be able to offer certain employment prospects in order to attract management personnel of high quality.

We do not believe that we need enter the dispute over the preference for stability or flexibility in bank personnel management. Where, as here, the wording of the statute is unambiguous, it should be enforced fully as written. (*Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72.) Here, the words "dismiss * * * at pleasure" should be taken

to signify exactly that, as courts in many jurisdictions have said for over a century. (See Annot., 111 A.L.R. 894 (1937).) Moreover, the fact that Congress has amended other portions of section 24, title 12, numerous times, without altering paragraph 5, indicates to us that that body continues to support the judiciary's consistent construction of paragraph 5. Given the many signs in favor of the present interpretation of that act, we decline plaintiff's invitation to reconsider the policy implications of the law. That task is for Congress.

We affirm the judgment of the Circuit Court of Jasper County.

Affirmed.

JONES and WELCH, JJ., concur.