BILLY C. KEMPER, Plaintiff-Appellant, *v.* ROBERT P. WORCESTER *et al.*, Defendants-Appellees.

Fifth District    No. 81-249

Opinion filed May 6, 1982.

William A. Sunderman and Janett S. Winter-Black, both of Anderson Law Offices, of Charleston, for appellant.

Robert L. Douglas and Charles C. Roberts, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Billy C. Kemper brought an action against Robert P. Worcester and Willis D. Lamson in the circuit court of Jasper County alleging that they had caused his discharge as president and trust officer of the First National Bank of Newton by tortiously interfering with his contractual relationship with the bank. Defendants moved for judgment on the pleadings, and the court entered judgment for defendants relying on our decision in *Kemper v. First National Bank* (1981), 94 Ill. App. 3d 169, 418 N.E.2d 819, which held that a national bank incurs no liability under the National Bank Act (12 U.S.C. sec. 24 (1976)) for discharging an officer of the bank prior to the time his contractual period of employment expires. The trial court considered that the plaintiff had no legally protected interest in his position as president of a national bank.

On February 14, 1978, plaintiff was hired as president and trust officer of the First National Bank of Newton "for the ensuing year." In April of 1978, the board of directors voted to discharge plaintiff because he purchased stock in the bank without disclosing the purchase to the board. Thereafter, plaintiff filed two lawsuits, one against the bank for wrongful discharge and the second against the defendant members of the board, individually.

As to the first lawsuit, the bank moved for judgment on the pleadings. The trial court, in granting the motion, relied on section 24, paragraph 5, of the National Bank Act which provides that a national banking association shall have the power "[t]o elect or appoint a president, vice-president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, *dismiss such officers or any of them at pleasure* and appoint others to fill their places." (Emphasis added.) (12 U.S.C. §24, par. 5 (1976).) On appeal, in affirming the trial court, we noted that:

> "Here, the plaintiff accepted his employment with knowledge, actual or imputed, of the board's authority to dismiss him at its pleasure. Once the board's approval of his appointment was withdrawn, his contractual status as an employee vanished, and he had no legal right upon which to base his claim." *Kemper v. First National Bank* (1981), 94 Ill. App. 3d 169, 171, 418 N.E.2d 819, 821.

The instant appeal arises from the second lawsuit. Plaintiff, in his fourth amended complaint, alleges that defendants "intentionally, wantonly, maliciously and without justification interfered, disrupted and damaged the employment rights of plaintiff." Plaintiff further alleges that, as a result of the interference, he sustained losses in employment benefits, salary and damage to his reputation in the banking community. As stated, defendants moved for judgment on the pleadings citing the prior lawsuit and stating that, as a matter of law, plaintiff failed to state a cause of action. The trial court granted the motion and entered judgment for defendants finding our decision in *Kemper* to be dispositive.

■■ We note at the outset that a motion for judgment on the pleadings tests the sufficiency of the pleadings as a matter of law (*Johnson v. Town of the City of Evanston* (1976), 39 Ill. App. 3d 419, 350 N.E.2d 70), and that uncontested, well-pleaded allegations of fact will be, for the purposes of review, deemed to be true. (*Keller v. Brunswick Corp.* (1977), 54 Ill. App. 3d 271, 369 N.E.2d 327.) On review of an order granting judgment on the pleadings, we must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings and, if there was no such issue, whether judgment was correctly entered. *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105.

■■ In the instant case, it is undisputed that plaintiff's fourth amended complaint recites the necessary elements to state a cause of action for tortious interference with advantageous or contractual relations. Thus, the sole issue raised on appeal is whether section 24, paragraph 5, of the National Bank Act (12 U.S.C. §24, par. 5 (1976)), as applied in *Kemper v. First National Bank* (1981), 94 Ill. App. 3d 169, 418 N.E.2d 819, precludes plaintiff from maintaining a cause of action for tortious interference with

advantageous or contractual relations under the facts presented. In making this determination, it is necessary to examine the nature of the action in the instant case and in the prior lawsuit.

In *Kemper*, plaintiff brought an action for wrongful discharge against First National Bank in Newton and sought damages following as a consequence of the dismissal. The issue in that case was whether a national bank may dismiss an officer before the expiration of his stated tenure, without incurring liability for wrongful discharge or breach of contract. Relying on section 24, paragraph 5 of the National Bank Act, we affirmed the trial court's grant of defendant's motion for judgment on the pleadings and noted that "* * * although a national bank may contract to employ an officer for a definite period of time, it may not bargain away its right, granted by statute, to discharge officers 'at pleasure.' " (94 Ill. App. 3d 169, 171, 418 N.E.2d 819, 821.) *Kemper*, therefore, stands for the proposition that, by virtue of the National Bank Act, the board of directors of a national bank may dismiss an officer prior to the expiration of his term, without incurring liability for wrongful discharge or breach of contract on the part of the bank.

In the instant case, plaintiff brought an action in tort for unjustified interference with advantageous or contractual relations against defendants, two of the directors of the First National Bank in Newton, and sought damages incurred as a result of defendants' interference with his employment rights. The trial court, relying solely on our decision in *Kemper*, granted defendants' motion for judgment on the pleadings. Plaintiff asserts that the trial court erred in granting the motion in that plaintiff's fourth amended complaint states a cause of action and presented questions of fact not considered by the trial court. We agree.

Defendants argue, and the trial court found, that plaintiff had no legally protected rights in his position as president of the bank and therefore, as a matter of law, plaintiff could not maintain an action for tortious interference. Defendants further argue that the employment agreement between plaintiff and the bank does not give rise to a legitimate expectation of future employment and therefore cannot serve as a foundation for an ongoing business relationship. This argument indicates a misunderstanding of what relationships or agreements are sufficient upon which to base a cause of action for tortious interference. The relationship or agreement need not be enforceable by plaintiff as a contract; rather, it is the interference with the relation which creates the actionable tort. The following passage from Professor Prosser's treatise is illustrative:

> "The law of course does not object to the voluntary performance of agreements merely because it will not enforce them, and it indulges in the assumption that even unenforceable promises will be carried out if no third person interferes. Accordingly, it usually

is held that contracts which are voidable by reason of the statute of frauds, formal defects, lack of consideration, lack of mutuality, or even uncertainty of terms, or harsh and unconscionable provisions, or conditions precedent to the existence of the obligation, can still afford a basis for a tort action when the defendant interferes with their performance." (Prosser, Torts sec. 129, at 932 (4th ed. 1971).) Therefore, we must determine whether plaintiff's position as president of the bank constitutes a sufficient relationship or agreement upon which to base such an action.

In the instant case, the effect of the relevant section of the National Bank Act is that it created an employment contract terminable at the will of the bank even though the apparent intent of the parties was that it was for a term of one year. Although there is some contrary authority, the better view with regard to contracts terminable at will is that they are actionable "since until it is terminated the contract is a subsisting relation, of value to the plaintiff, and presumably to continue in effect." (Prosser, Torts sec. 129, at 933 (4th ed. 1971); see also Restatement (Second) of Torts sec. 766, comment g, at 10-11 (1979); *Kozlowsky v. Westminster National Bank* (1970), 6 Cal. App. 3d 593, 86 Cal. Rptr. 52.) In *Kozlowsky*, the former president of a national bank brought an action for damages, as a result of his discharge, against the bank and two stockholders, one alleged to be a director and controlling shareholder. The complaint contained three counts; count I for breach of a one-year written employment contract; count II for deceit and count III for intentional interference with contractual relations. The court sustained defendants' demurrer as to the contract action relying on section 24, paragraph 5, of the National Bank Act. As to count III, the court held that, even though the statute renders the relationship terminable at will, it is the interference with the relation which is the actionable tort and therefore, plaintiff stated a cause of action. In the instant case, as in *Kozlowsky*, the employment agreement between plaintiff and the bank, albeit terminable at will, constituted a sufficient relationship or agreement upon which to base a cause of action for tortious interference with advantageous or contractual relations.

Defendants argue that, even if plaintiff's position does give rise to a legitimate expectation of future employment, defendants, as individual directors of the bank, are privileged to urge the entire board to dismiss an officer of a national bank. Plaintiff, in his fourth amended complaint, alleges the existence of the employment relationship and the requisite elements for tortious interference with that relationship. Whether the actions of the defendants were privileged because of their position as directors of the bank is a matter of defense, which they will have the burden of establishing, and does not affect the determination as to whether the complaint states a cause of action. See *Kozlowsky*; Prosser, Torts sec. 129, at 943 (4th ed. 1971).

In light of the foregoing, we find that plaintiff's fourth amended complaint stated a cause of action for tortious interference with advantageous or contractual relations and presented genuine issues of material fact not considered by the trial court. Therefore, we reverse the judgment of the Circuit Court of Jasper County and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

WELCH and HARRISON, JJ., concur.