■ PATRICIA LUDLAM, Respondent, v GUILFORD TRANSPORTATION INDUSTRIES, INC., et al., Appellants, et al., Defendant. (And Three Other Related Actions.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered June 14, 1988 in Albany County, which, *inter alia,* denied the motions of various defendants for summary judgment dismissing the complaint against them.

On the morning of January 18, 1986, at approximately 3:00 A.M., defendant Jeffrey Brown drove plaintiffs, James Ludlam (the owner of the car), Patricia Ludlam, Barbara Timberlin and Deborah Cherney, west down 25th Street in defendant City of Watervliet, Albany County, from a tavern where they had been socializing. They arrived at a railroad crossing on that street at the same time as a southbound train, owned by defendant Delaware & Hudson Railway Company (hereinafter D&H) and defendant Boston & Maine Railroad (hereinafter B&M), both wholly owned subsidiaries of defendant Guilford Transportation Industries, Inc. (hereinafter Guilford), was proceeding through the crossing. The collision resulted in injuries to the passengers of the automobile.

The occupants of the car do not recall whether the crossing gate was down and do not remember seeing the train's headlight or hearing any bells or whistles. The two-man crew of the train, on the other hand, maintains that the gate was down, the crossing lights were flashing, the train's headlight was on, and the whistle and bell were appropriately sounded as the train approached the crossing. The trainman, seated on the fireman's side of the engine cab, reported seeing the car

suddenly pull into the oncoming traffic lane, around the crossing gate, whereupon he yelled to the engineer to execute an emergency stop. A city police officer who investigated the accident testified that immediately after the occurrence the engine's headlight was on and opined that, based on discussions had with the train crew, observation of road dirt and scuffing of the road surface, the crossing gate had been down and Brown had driven around it. Another officer testified that when he arrived at the scene the train was stopped 400 feet south of the crossing, the crossing gates were up and the crossing lights were off.

The passengers of the car commenced the instant personal injury actions which, after lengthy discovery, have been joined for trial. B&M, D&H and Guilford moved for summary judgment dismissing all claims and cross claims against them for lack of a triable issue of fact. The city cross-moved for the same relief on the ground that plaintiffs alleged no possible theory of recovery against it. In response, Patricia Ludlam produced evidence that between March 1984 and December 1985 the 25th Street crossing gate, as well as others in the city, had frequently malfunctioned by closing when no train was approaching and that the city, aware of the problem, had taken steps to solve it, namely, by placing a recording device, with D&H's permission, on a gate at the 19th Street crossing and providing police to direct traffic which congested when the gates were down for an extended time; the recording device was used to determine the frequency of movement of the crossing gates and their duration in the down position. Supreme Court denied both motions. Guilford, D&H, B&M and the city appeal.

The motion for summary judgment by B&M, D&H and Guilford (hereinafter collectively referred to as the railroads) was properly denied. Although plaintiffs have failed to produce any evidence contradicting the railroads' assertion that the gate was down when the car reached the crossing, a question remains as to whether the train issued the proper warnings (see, Railroad Law § 53-b). Cherney and Timberlin, the only passengers with any admitted recollection of the events leading to the accident, did not recall seeing any lights or hearing any bells or whistles, presenting a conflict in testimony on a material question of fact. In addition, since none of the passengers of the car remember much about the accident, the credibility of the engine crew, agents of the railroads, becomes pivotal and should not be determined on a summary judgment motion (see, Koen v Carl Co., 70 AD2d 695;

see also, Fisher v Kavoussi, 90 AD2d 597, 599). Parenthetically, we note that Siivonen v City of Oneida (33 AD2d 934) is inapposite given the markedly different procedural posture of that case.

The city, however, should have been granted summary judgment. It was the railroads' duty, not the city's, to erect and maintain the crossing gates (Railroad Law § 53; see, Baumann v Long Is. R. R., 110 AD2d 739, 740). The city's placement of a recording device on a crossing gate was far from an attempt to repair; rather, it was part of an undertaking to call attention to the responsible party the extent of the malfunctioning, which does not give rise to liability (see, Stilo v County of Nassau, 122 AD2d 41, 44). Nor was there a duty upon the city to warn of this hazard, absent ownership or control (see, Ossmer v Bates, 97 AD2d 871, 872). In short, the city had no duty to police the subject railroad crossing, let alone a special duty to plaintiffs (cf., Cuffy v City of New York, 69 NY2d 255, 260). Even if it had breached a duty, proximate cause is lacking. There is no indication in the record that the crossing gates malfunctioned at the time of the accident. Moreover, the claimed malfunction is that the gates often closed when no train was present, not that they failed to close in the presence of a train. Finally, Brown admittedly was unaware of the prior problems with the crossing gates and thus, unlike others of the motoring public, did not proceed past the gates on the assumption that they were malfunctioning, as, the record suggests, they frequently did in the past.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant City of Watervliet's cross motion for summary judgment; cross motion granted and summary judgment awarded to said defendant dismissing the complaint, third-party complaint and all cross claims against it; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.