797 P.2d 701

**James DORRANCE, Plaintiff/Appellant,**

v.

**VALLEY NATIONAL BANK OF ARIZONA, a national banking association, Defendants/Appellees.**

No. 2 CA–CV 89–0195.

Court of Appeals of Arizona, Division 2, Department B.

March 22, 1990.

Reconsideration Denied April 26, 1990.

Review Denied Sept. 25, 1990.

Stompoly & Stroud, P.C. by Don Awerkamp and Denise E. Shay, Tucson, for plaintiff/appellant.

Snell & Wilmer by William R. Hayden and William P. Allen, Phoenix, for defendants/appellees.

OPINION

FERNANDEZ, Chief Judge.

Appellant James Dorrance appeals from the granting of summary judgment in favor of appellee Valley National Bank in his suit for wrongful discharge, breach of contract, and breach of the covenant of good faith. We agree with the trial court that the causes of action are preempted by federal law and that Dorrance did not raise a material fact issue so as to preclude entry of judgment.

The facts, viewed in the light most favorable to Dorrance, are as follows. Dorrance was employed by Valley National Bank as an assistant vice president and manager of the trust department at its Green Valley

branch. On January 29, 1988, he was given a corrective action form as a result of his conduct towards several trust department employees under his supervision. Pursuant to the corrective action form, Dorrance was placed on six months' probation. He attempted to pursue a grievance as to the probation but was told by the personnel department that he had not been placed on probation. On April 5, 1988, his supervisor informed him he had violated his terms of probation, and he was terminated as of April 6. Shortly before he was terminated, he reported possible acts of misconduct by another bank employee, including theft of trust property.

Dorrance filed suit July 15, 1988, and the bank moved for summary judgment in late August. Dorrance's causes of action against two bank employees for defamation and interference with contract are not before us on appeal.

## FEDERAL PREEMPTION

The National Bank Act governs the powers of national banking associations. One of the powers is as follows:

> To elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, *dismiss such officers or any of them at pleasure*, and appoint others to fill their places.

12 U.S.C. § 24 (Fifth) (emphasis added). There are numerous cases holding that this statute prohibits a state cause of action for breach of contract or for tort by a bank officer who has been terminated for whatever reason. *See, e.g., Kemper v. First National Bank*, 94 Ill.App.3d 169, 49 Ill. Dec. 799, 418 N.E.2d 819 (1981); *Ambro v. American National Bank & Trust Co.*, 152 Mich.App. 613, 394 N.W.2d 46 (1986); *McGeehan v. Bank of New Hampshire*, 123 N.H. 83, 455 A.2d 1054 (1983); *Alfano v. First National Bank*, 111 A.D.2d 960, 490 N.Y.S.2d 56 (1985); *McWhorter v. First Interstate Bank*, 67 Or.App. 435, 678 P.2d 766 (1984).

To counter the bank's contention that his causes of action are preempted, Dorrance has cited only three cases, none of which supports his contention. In *Rohde v. First Deposit National Bank*, 127 N.H. 107, 497 A.2d 1214 (1985), the court held that the discharged employee's tort claim for inducement or detrimental reliance arising out of negotiation of the employment contract was a viable claim. At the same time, the court affirmed dismissal of his breach of contract claims arising from his termination because of the language in 12 U.S.C. § 24 (Fifth). In *Kemper v. Worcester*, 106 Ill.App.3d 121, 62 Ill.Dec. 29, 435 N.E.2d 827 (1982) and *Kozlowsky v. Westminster National Bank*, 6 Cal.App.3d 593, 86 Cal. Rptr. 52 (1970), the courts ruled that discharged employees could maintain an action against other bank employees for interference with contract.

Dorrance argues that it would violate public policy to affirm summary judgment on his claims against the bank, contending that he was discharged because he reported the theft of trust property. In support of his argument, Dorrance cites *Wagner v. City of Globe*, 150 Ariz. 82, 722 P.2d 250 (1986) and *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985). He has not, however, cited any case that has held there is a public policy exception to the National Bank Act language permitting dismissal of an officer at the pleasure of the board of directors.

We conclude, therefore, that Dorrance's claims are preempted unless he has raised a fact issue on whether the Bank Act's requirements were met when the bank terminated him. *Mahoney v. Crocker National Bank*, 571 F.Supp. 287 (N.D.Cal. 1983); *Marczak v. Drexel National Bank*, 186 Ill.App.3d 640, 134 Ill.Dec. 441, 542 N.E.2d 787 (1989).

## EXISTENCE OF FACT ISSUE

The bank submitted affidavits from Robert Johnson, a senior vice president and manager of the trust division, and Richard Lehmann, chief executive officer of the bank. Lehmann stated that the bank's bylaws delegate to him its authority to dis-

charge bank officers. He stated that he became chief executive officer on March 1, 1988 and that he had overseen a system-wide restructuring of the bank's operations and management since that time. Lehmann indicated that 500 persons had been separated from bank employment because of that restructuring. He stated he has no independent recollection of Dorrance's termination, but that his custom and practice is to have his senior vice presidents review with him the recommended discharge of any bank officer.

Johnson stated that he conferred with Dorrance's supervisor, and both agreed he should be terminated. Johnson indicated that he had discussed Dorrance's job performance with Lehmann more than once, that he obtained Lehmann's approval of his recommendation to terminate Dorrance, and that he then conveyed that approval to Dorrance's supervisor. Lehmann stated in his affidavit that he has no reason to doubt Johnson's statement that he obtained Lehmann's approval.

Dorrance contends that the fact that Lehmann cannot recall the incident serves to raise a fact issue so as to preclude entry of summary judgment. Dorrance has cited one case in support of his argument. In *Ludlam v. Guilford Transportation Industries*, 145 A.D.2d 860, 535 N.Y.S.2d 847 (1988), the court affirmed the denial of a summary judgment motion. In that case, the passengers of a car hit by a train could not recall seeing the train's light or hearing any bells or whistles. Because the train crew testified that the headlight was on, the crossing lights were flashing, and the whistle and bell were sounded as the train approached the crossing, the court found there was conflicting evidence on whether the train had given proper warnings. In this case, Johnson stated that he had obtained Lehmann's approval to terminate Dorrance, and Lehmann stated that he has no reason to doubt that statement although he does not himself recall the incident. The fact that Lehmann cannot recall the discussion with Johnson is insufficient to raise a fact issue in support of Dorrance's contention that Lehmann did not approve his discharge. Because Dorrance failed to present any evidence controverting the bank's evidence that he was properly terminated, we conclude that the trial court committed no error in granting summary judgment.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.