LAYUNICE CONFER, Plaintiff-Appellant, v. FEDERAL HOME LOAN BANK OF CHICAGO, Defendant-Appellee.

First District (1st Division)    No. 1—93—4587

Opinion filed April 10, 1995.

Law Office of Gregory J. Olmstead, of Oakbrook Terrace, for appellant.

Rudnick & Wolfe, of Chicago (Adrianne C. Mazura and Alan M. Kaplan, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from the circuit court's dismissal of an action for retaliatory discharge filed against defendant, Federal Home Loan Bank of Chicago. Plaintiff, Layunice Confer, sustained injuries during the course of her employment with defendant. Shortly after, she filed a claim under the Illinois Workers' Compensation Act (820 ILCS 305/1 et seq. (West 1992)). Subsequently, defendant terminated plaintiff's employment, citing a reduction in force of the department in which plaintiff worked. Plaintiff alleges that defendant discharged her in retaliation for filing a claim under the Illinois Workers' Compensation Act. Plaintiff filed an action for retaliatory discharge in the circuit court, seeking compensation for her damages arising from the termination of her employment. Defendant filed a motion to dismiss on July 14, 1993, arguing that plaintiff's action was preempted by Federal law. After a hearing, the circuit court dismissed her complaint on the basis that her cause of action was preempted by the Federal Home Loan Bank Act. (12 U.S.C.A. § 1421 et seq. (West 1989).) Plaintiff appeals the decision of the circuit court.

This is a case of first impression. The sole issue on review is whether the Illinois common law action for retaliatory discharge is preempted by the Federal Home Loan Bank Act. 12 U.S.C.A. § 1421 et seq. (West 1989).

■ ■ The supremacy clause of the United States Constitution gives rise to the preemption doctrine, which provides that in some instances Federal law will override State law. (U.S. Const., art. VI, cl. 2; *Rice v. Santa Fe Elevator Corp.* (1947), 331 U.S. 218, 229-31, 91 L. Ed. 1447, 1458-59, 67 S. Ct. 1146, 1151-53.) "At the core of a court's review under the preemption doctrine is a determination of the intent—the objective or purpose—of Congress in enacting the particular statute." (*National Commercial Banking Corp. of Australia, Ltd. v. Harris* (1988), 125 Ill. 2d 448, 463, 532 N.E.2d 812, 818.) The United States Supreme Court has identified three situations in which Federal law preempts State law: (1) when explicit statutory language

preempts State law; (2) when States regulate a field that Congress intended to be completely occupied by the Federal government; or (3) when State law actually conflicts with Federal law. (*English v. General Electric Co.* (1990), 496 U.S. 72, 78-79, 110 L. Ed. 2d 65, 74, 110 S. Ct. 2270, 2275.) A conflict between Federal and State law exists when " 'compliance with both federal and state regulations is a physical impossibility,' [citation], or when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' [citation]." *Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 153, 73 L. Ed. 2d 664, 675, 102 S. Ct. 3014, 3022.

■ Defendant is 1 of 12 regional banks created by Congress under the Federal Home Loan Bank Act (Act) (12 U.S.C.A. § 1421 *et seq.* (West 1989)). With respect to employment matters, the Act provides:

"[S]uch bank shall become, as of the date of the execution of its organization certificate, a body corporate, and as such and in its name as designated by the Board it shall have power *** to *dismiss at pleasure* such officers, employees, attorneys, and agents ***." (Emphasis added.) (12 U.S.C.A. § 1432(a) (West Supp. 1994).)

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the Illinois Supreme Court first recognized the common law action of retaliatory discharge as a means of upholding the public policy underlying the Illinois Workers' Compensation Act. This court must determine whether the common law action of retaliatory discharge conflicts with or "stands as an obstacle" to the objectives of Congress under the Federal Home Loan Bank Act.

Virtually every court that has been faced with this issue has determined that State-created employment rights are preempted by Federal acts containing the "at pleasure" language. The identical "at pleasure" language is used in the Federal Reserve Act (12 U.S.C.A. § 341 (West 1989)) and the National Bank Act (12 U.S.C.A. § 24 (West 1989)). In *Kemper v. First National Bank* (1981), 94 Ill. App. 3d 169, 418 N.E.2d 819, the plaintiff was hired as the bank's president and trust officer "for the ensuing year." (*Kemper*, 94 Ill. App. 3d at 169, 418 N.E.2d at 820.) The bank terminated the plaintiff's employment two months later. The plaintiff sued for wrongful discharge, and the trial court dismissed the complaint because it found that the National Bank Act gave the defendant the power to dismiss the plaintiff without incurring any liability for wrongful discharge.

The appellate court affirmed, finding that the "at pleasure" provision for dismissal had been consistently construed to allow a national bank to discharge an officer without liability. (*Kemper*, 94 Ill. App. 3d at 170, 418 N.E.2d at 821.) The court stated:

"Where, as here, the wording of the statute is unambiguous, it should be enforced fully as written. [Citation.] Here, the words 'dismiss *** at pleasure' should be taken to signify exactly that, as courts in many jurisdictions have said for over a century. [Citation.] Moreover, the fact that Congress has amended other portions of section 24, title 12, numerous times, without altering paragraph 5, indicates to us that that body continues to support the judiciary's consistent construction of paragraph 5." (*Kemper*, 94 Ill. App. 3d at 171-72, 418 N.E.2d at 821.)

Similarly, in *Inglis v. Feinerman* (9th Cir. 1983), 701 F.2d 97, the court held that "attempts to create employment rights from independent sources such as employment manuals are void under the Federal Home Loan Bank Act." *Inglis*, 701 F.2d at 99.

Courts have also held that employment rights created by State laws prohibiting discrimination are preempted by the "at pleasure" language. For example, in *Kispert v. Federal Home Loan Bank* (S.D. Ohio 1991), 778 F. Supp. 950, the plaintiff alleged that she was dismissed from her employment on the basis of age. Her complaint contained several State claims, one of which was based on an Ohio State statute prohibiting discrimination. She also claimed that the bank made fraudulent or negligent misrepresentations. The court dismissed the plaintiff's State discrimination claim, finding that "[t]he power of a Federal Home Loan Bank to dismiss its employees 'at pleasure' preempts any contrary right created by state law." (*Kispert*, 778 F. Supp. at 953.) Similarly, in *Ana Leon T. v. Federal Reserve Bank* (6th Cir. 1987), 823 F.2d 928, the court held that the "at pleasure" clause of the Federal Reserve Act preempted employment rights created by a Michigan State law prohibiting discrimination in employment. *Ana Leon T.*, 823 F.2d at 931; see also *Andrews v. Federal Home Loan Bank* (4th Cir. 1993), 998 F.2d 214; *Bollow v. Federal Reserve Bank* (9th Cir. 1981), 650 F.2d 1093; *Aalgaard v. Merchants National Bank, Inc.* (1990), 224 Cal. App. 3d 674, 274 Cal. Rptr. 81.

One exception to the overwhelming view that the "at pleasure" language preempts State-created employment rights was carved out in *Sargent v. Central National Bank & Trust Co.* (Okla. 1991), 809 P.2d 1298. In *Sargent*, the plaintiff filed a tortious discharge claim and alleged he was fired for refusing to destroy or alter a report to the bank's "audit committee." (*Sargent*, 809 P.2d at 1300.) The court recognized the bank's right to dismiss its officers "at pleasure" but weighed the public policy and the purpose behind the National Bank Act and found that the bank's right was not without limit.

"A demand to destroy or alter a bank auditor's report clearly runs counter to the principles which the federal code espouses.

*** *When, as in this case, the public policy whose violation gives rise to a [tortious discharge] claim parallels that of the federal law which is sought to be invoked as a shield from liability, preemption is not available as a defense.*" (Emphasis in original.) *Sargent*, 809 P.2d at 1302.

■In this case, there is no indication that defendant's actions run counter to the purposes behind the Act as the bank's actions did in *Sargent*. We find that this case presents no other reason to stray from the well-established case precedent. The common law action for retaliatory discharge plainly conflicts with the defendant's power to "dismiss at pleasure." Therefore, we hold that plaintiff's cause of action is preempted by the Federal Home Loan Bank Act.

Accordingly, for the foregoing reasons, order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Affirmed.

CAMPBELL, P.J., and BRADEN, J., concur.