WALTER F. COPELAND, Respondent, *v.* THE MELROSE NATIONAL BANK OF NEW YORK, Appellant.*

First Department, April 11, 1930.

* Revg. 135 Misc. 695.

*Hugh S. Williamson* of counsel [*William L. Hanaway* with him on the brief; *Breed, Abbott & Morgan,* attorneys], for the appellant.

*Harry C. W. Melick* of counsel [*Tison & Melick,* attorneys], for the respondent.

SHERMAN, J.  The contract declared on by plaintiff is the written engagement by defendant (a National bank) to employ him as a vice-president for three years from May 1, 1926, at a salary of $8,000 per annum payable monthly.  It provided that in the event that the contract be terminated by the employer prior to the date of expiration, plaintiff should receive as liquidated damages a sum equal to the total compensation which he would receive thereunder for its unexpired period.  Defendant terminated the contract by discharging plaintiff during its term.

Section 5136 of the Revised Statutes of the United States (U. S. Code, tit. 12, chap. 2, § 24) sets forth the corporate powers of a National bank, enacting that " it shall have power   *   *   *   to elect or appoint directors, and by its board of directors to appoint a   *   *   *   vice-president, cashier, and other officers, define their duties,   *   *   *   dismiss such officers or any of them at pleasure, and appoint others to fill their places."

The National Bank Act is an enabling statute, and a National bank may not exercise any powers except those expressly granted by the act or such incidental powers as are necessary to carry on the business of banking.  (*California Bank* v. *Kennedy,* 167 U. S. 362, 366; *First National Bank* v. *Murray,* 212 Fed. 140; *First National Bank* v. *Converse,* 200 U. S. 425.)

This provision of the statute has been interpreted and applied. In *Westervelt* v. *Mohrenstecher* (76 Fed. 118) it was declared that a by-law of a National bank was invalid in so far as it fixed the term of a cashier's employment at one year.

In *Rankin* v. *Tygard* (198 Fed. 795) the statute was under consideration and it was held that no term of office could be fixed which would prevent the bank from exercising its unrestricted power to remove an officer at pleasure during the term.

Plaintiff's engagement was merely a hiring, terminable at the will of the directors.  The intent of the statute was to place the fullest responsibility upon the directors by giving them the right to discharge such officers at pleasure.  A contract for a definite term which forbids such discharge except under penalty of paying compensation for the full term violates the statute, and is unen-

forcible. To uphold the liquidated damage provision of the contract would be to countenance a patent subterfuge designed to circumvent the law. It is idle to say that the statute merely gives the power to discharge the official, without the right to do so. The grant of the power carries with it the untrammeled right to its exercise, free from penalty.

In *De la Vergne Co.* v. *German Savings Institution* (175 U. S. 40) it was held (p. 59): " The doctrine that no recovery can be had upon the contract is based upon the theory that it is for the interest of the public that corporations should not transcend the limits of their charters; that the property of stockholders should not be put to the risk of engagements which they did not undertake; that if the contract be prohibited by statute every one dealing with the corporation is bound to take notice of the restrictions in its charter, whether such charter be a private act or a general law under which corporations of this class are organized."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment dismissing the complaint granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.