854

■ In the Matter of ALFRED D. BRUMFIELD, Petitioner, v. SIMEON GOLAR et al., Constituting the New York City Housing Authority, et al., Respondents.— Determination of New York City Housing Authority dated July 2, 1971, dismissing petitioner from his position as a patrolman in the New York City Housing Authority Police Department, unanimously modified, as a matter of discretion, to reduce the penalty to suspension without pay from the date of dismissal to 30 days after the date of the order herein; and as so modified, confirmed, without costs and without disbursements. We find that on the record respondent was justified in taking disciplinary action against petitioner. We also find that petitioner's record as a patrolman and his background as revealed in the transcript were such that a suspension for the period indicated—which amounts to more than 11 months — would serve the purpose of an adequate sanction and would not expose respondent to undue risk from his being retained in the service. Concur — Stevens, P. J., McGivern, Markewich, Steuer and Capozzoli, JJ.

■ MARSHALL S. WALKER, JR., Appellant, v. ALLIED BANK INTERNATIONAL, Respondent.— Judgment, Supreme Court, New York County, entered on February 25, 1972, so far as appealed from, affirmed, without costs and without disbursements. Concur — McGivern, J. P., Murphy, McNally and Tilzer, JJ.; Kupferman, J., dissents in part in the following memorandum: The plaintiff entered into a long-term written employment contract with the defendant at a substantial fixed salary, with retirement and other benefits. Having served the defendant for approximately two years as the defendant's vice president in charge of South American affairs, he was barred on March 18, 1971 by the defendant's president from returning to the premises. When he sued on the contract, he was met by a provision of the National Banking Laws known as the Edge Act (U. S. Code, tit. 12, § 614) which gives a board of directors the power to dismiss officers " at pleasure ". (*Copeland* v. *Melrose Nat. Bank of N. Y.*, 229 App. Div. 311, affd. without opn. 254 N. Y. 632.) ¡ The record indicates that the board of directors approved of the termination of the plaintiff's employment on April 12, 1971. The plaintiff contends that not until November 29, 1971 in a reply affidavit was he informed that the board of directors had so acted. Although originally suing on the contract, which has been held, and it is conceded, to be unenforceable, it is the plaintiff's contention that he is entitled to be paid until knowledge of termination on November 29, 1971. This court would affirm, leaving to a further proceeding the question of the plaintiff's now limited claim. While the contract is unenforceable, the effect of the statute is to convert the employment into one at the will of the board of directors. Such will was not exercised until April 12. It being conceded that the plaintiff was paid until the end of March, 1971, he is entitled to 12 days' additional salary, and such a determination can easily be made under the contract cause of action. To relegate the plaintiff to further litigation to accomplish such an obvious result is to give further grist to the technicality mill.