Argued and submitted January 4, affirmed in part; reversed in part and remanded with instructions March 21, reconsideration denied May 11, petition for review denied June 5, 1984 (297 Or 272)

## McWHORTER,
*Appellant,*

*v.*

## FIRST INTERSTATE BANK OF OREGON,
*Respondent.*

## (16-83-01030; CA A28628)

678 P2d 766

Robert H. Fraser, Eugene, argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Thomas A. Balmer, Portland, argued the cause for respondent. With him on the brief were Linda M. Seluzicki, and Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, a vice president and branch manager of defendant, appeals a judgment entered on an order granting defendant's ORCP 21A(8) motion to dismiss plaintiff's claim for breach of contract, breach of implied contract, outrageous conduct and deceit. The court granted the motion to dismiss for failure to state a claim on the ground that plaintiff's claim is barred by 12 USC § 24 (Fifth) (1982). We reverse in part.

The facts are drawn from plaintiff's complaint, because on review of an order determining the sufficiency of a complaint those allegations are deemed to be true. *See, e.g., Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979). We consider plaintiff's alternative breach of contract claims first.

Plaintiff alleges that his employment was terminated by defendant on January 25, 1982.[1] He had worked for defendant 12 years and had advanced from his initial position as assistant cashier to the positions of vice president and branch manager. He alleges that defendant had published personnel policies applicable to its officers and employes but terminated him without complying with those policies; his termination was without just cause, because he had fulfilled all the conditions of his employment; and he was not terminated by an act of defendant's board of directors.

The trial court ruled that plaintiff's contract claims are barred by 12 USC § 24 (Fifth). The statute provides, in pertinent part, that a national bank shall have power

"[t]o elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places."

Defendant's theory, adopted by the trial court, is that the statute protects it from liability, even if it breached the alleged contract with plaintiff. Defendant contends that actions by an officer against a national bank for wrongful termination are barred by the statute. Representative of the authority cited by defendant is *McGeehan v. Bank of New Hampshire, N. A.,* 123

---

[1] Plaintiff continued to receive a salary and benefits until April 30, 1982.

N H 83, 455 A2d 1054 (1983), where the New Hampshire Supreme Court stated that

> "* * * [t]he case law uniformly interprets this section and substantially similar provisions as rendering unenforceable, as against public policy, all contractual provisions which do not allow a national banking association to discharge its officers at will without incurring liability for breach of contract. * * *" 123 N H at 86.

Plaintiff agrees that a national bank has immunity under the statute from breach of contract claims arising from the termination of an officer, but only if the power to terminate an officer at pleasure is exercised by the bank's board of directors. He cites many of the same cases relied on by defendant but points out that the only cases applying the federal statute have, in fact, involved the dismissal of a bank officer by the bank's board of directors.

We have reviewed the cases cited by the parties and find that none directly addresses the question whether a national bank's power to dismiss an officer at pleasure must be exercised by its board of directors. However, in *Wiskotoni v. Michigan Nat. Bank-West,* 716 F2d 378 (6th Cir 1983), decided while this appeal was pending, the court was called upon to decide whether a branch manager of a national bank was an officer who could be dismissed at pleasure without liability under 12 USC § 24 (Fifth). Even though the bank's bylaws defined a branch manager as an officer, the court held that the branch manager was not an officer for the purposes of § 24 because he was neither appointed nor dismissed by the bank's board of directors. Because "[t]he terms of § 24 (Fifth) require that officers be appointed and dismissed by a national bank's board of directors," and because that "statutory requirement" had not been met, the court held that § 24 did not bar the plaintiff's claims for breach of implied contract and wrongful discharge. 716 F2d at 387.

■ Although we are not bound by lower federal court decisions, we give due regard to federal Courts of Appeal decisions on matters of federal law. *See generally, United States ex rel. Lawrence v. Woods,* 432 F2d 1072 (7th Cir 1970), cert den 402 US 983 (1971); *Geris v. Burlington Northern, Inc.,* 277 Or 381, 561 P2d 174 (1977); *Hust v. Moore-McCormack Lines, Inc.,* 180 Or 409, 177 P2d 429 (1947); *State v. Bojorcas,*

14 Or App 538, 513 P2d 813, 514 P2d 566 (1973), *rev den* (1974); *see also* Comment, *State Courts-Federal Common Law*, 27 Albany L Rev 73, 81 (1963). The decision in *Wiskotoni* is consistent with the plain language of 12 USC § 24 (Fifth), and with other precedent.[2] Accordingly, we follow it.

The parties devote considerable effort to arguing whether the authority of the board to terminate an officer at pleasure is delegable under the National Bank Act or general principles of corporate law.[3] Assuming that the power is delegable, there is nothing in this record that would allow us to conclude either that the power was delegated or that it was lawfully delegated. Plaintiff alleges that he was not terminated by an act of the bank's board of directors. In the light of the above discussion, it follows that defendant was not entitled to dismissal of the complaint. The trial court's order granting the motion to dismiss the breach of contract claims is reversed.

■      We turn to plaintiff's tort claims for outrageous conduct and deceit. Defendant advances three arguments to support the trial court's order dismissing them. It first repeats the argument based on 12 USC § 24 (Fifth). The analysis we

---

[2] In *McGeehan v. Bank of New Hampshire, Nat. Ass'n, supra,* and *Kemper v. First Nat'l Bk. in Newton, infra,* the plaintiffs were both appointed and terminated by the banks' boards of directors, and the defendants' motions for summary judgment based on 12 USC § 24 (Fifth), were affirmed on appeal. Other cases reaching the same result appear to assume that the plaintiff was appointed and terminated by the bank's board without expressly saying so. *See, e.g., Kozlowsky v. Westminster Nat. Bank,* 6 Cal App 3d 593, 596-97, 86 Cal Rptr 52 (1970) ("By virtue of this statute the board may dismiss an officer without liability for breach of the agreement to employ."); *Copeland v. Melrose National Bank,* 229 App Div 311, 312, 241 NYS 429, *aff'd* 254 NY 632 (1930) ("The intent of the statute was to place the fullest responsibility upon the directors by giving them the right to discharge such officers at pleasure.").

[3] The majority opinion in *Wiskotoni* did not address the delegation issue. The plaintiff, had, in fact, been hired by the president of the bank and had been terminated by a successor president. It was apparently normal practice for the bank to hire and fire branch managers through its president and not by act of the bank's board of directors. The board of directors attempted to ratify the president's action in terminating Wiskotoni some three years after the event, but the majority concluded that the board's attempt to ratify did not satisfy the statutory requirement that officers of a national bank be dismissed by an action of the bank's board of directors. A dissenting opinion by Wellford, J., argued that the record showed that the board's authority to appoint and dismiss bank officers was delegated to the president. He concluded that "[t]he bank's Board acted through the Bank president in hiring and firing Wiskotoni; Wiskotoni should be deemed an 'officer' within the meaning of the Act; he occupied a position of responsibility and discretion." *Wiskotoni v. Michigan Nat. Bank-West, supra,* 716 F2d at 396.

applied to plaintiff's breach of contract claims applies with equal force to plaintiff's derivative tort claims. Immunity from liability applies only to discharge pursuant to the statute. Accordingly, plaintiff's tort claims should not have been dismissed under the statute on the record presently before us.

██ ██ Defendant's second argument is that the tort claims are merely restatements of the breach of contract claims. We agree that plaintiff fails to state a claim for outrageous conduct. That part of the complaint does nothing more than allege that defendant's breach of the alleged contract was willful and intentional. Intentional breach of contract, without more, is not the "extraordinary transgression of contemporary standards of civilized conduct" contemplated by an action for outrageous conduct. *See Hall v. The May Dept. Stores,* 292 Or 131, 141, 637 P2d 126 (1981).

██ Defendant's third argument is that plaintiff has failed to plead a claim for deceit. That claim is not simply a restatement of the contract claim. *See Mountain Fir Lbr Co. v. EBI Co.,* 64 Or App 312, 667 P2d 567, *rev allowed* 295 Or 840 (1983). Plaintiff alleges that defendant represented that it would be bound by the alleged employment contract, intended that plaintiff rely on its representations and plaintiff rightfully relied on them. He further alleges that defendant in fact did not intend to be bound by the employment contract but did intend to exercise its power under 12 USC § 24 (Fifth), to dismiss plaintiff at will and without cause. Plaintiff's allegations are sufficient to state a claim for deceit. *See Webb v. Clark,* 274 Or 387, 391, 546 P2d 1078 (1976).

Defendant points to cases charging officers who accept employment by a national bank with constructive knowledge of the bank's authority to dismiss them at pleasure, citing in particular *Kemper v. First Nat'l Bk. in Newton,* 94 Ill App 3rd 169, 418 NE2d 819 (1981). Defendant argues that plaintiff therefore could not reasonably rely on defendant's representations, because plaintiff is deemed to have known that contracts entered into in violation of 12 USC § 24 (Fifth), are unenforceable. We need not determine whether such constructive knowledge should be imputed to plaintiff or whether, as a consequence of that imputed knowledge, plaintiff had no right to rely on defendant's representations, because on the record presently before us we are unable to

determine whether the alleged contract is an agreement rendered unenforceable by the statute.

The trial court's dismissal of plaintiff's claim for outrageous conduct is affirmed. That part of the judgment dismissing plaintiff's claims for breach of contract, breach of implied contract and deceit is reversed and remanded for further proceedings not inconsistent with this opinion.