# McWHORTER,
## *Appellant,*

v.

# FIRST INTERSTATE BANK OF OREGON, N.A.,
## *Respondent.*

## (16-83-01030; CA A36799)
724 P2d 877

Thomas M. Christ, Eugene, argued the cause for appellant. With him on the briefs were Robert H. Fraser, and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Carol A. Hewitt, Portland, argued the cause for respondent. With her on the brief were Thomas A. Balmer, Rick T. Haselton, and Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

### RICHARDSON, P. J.

This is the second appeal in this action arising out of defendant's dismissal of plaintiff as a vice-president and branch manager of defendant. In the earlier appeal, we held that the trial court erred by granting defendant's motion to dismiss plaintiff's breach of contract and deceit claims. *McWhorter v. First Interstate Bank,* 67 Or App 435, 678 P2d 766, *rev den* 297 Or 272 (1984). On remand, the trial court granted defendant's motion for summary judgment. Plaintiff appeals, and we again reverse.

Defendant's motion was based on the alternative grounds that the action is barred by 12 USC § 24 (Fifth) and that plaintiff sustained no damage as a result of the termination. Section 24 (Fifth) provides that a national bank has authority, *inter alia,* "by its board of directors to * * * dismiss * * * officers * * * at pleasure." We recognized in the earlier appeal that a national bank is immune from an action for terminating an officer in accordance with that statute. However, because plaintiff was dismissed by defendant's president rather than its board and because the record did not disclose whether the power of termination—if delegable—had been delegated by the board, we held that the trial court erred by dismissing the complaint on the ground that the statute barred the action. Substantially similar issues are presented again in this appeal, although defendant now relies on what it regards as unrefuted evidence as well as legal arguments.

Defendant supported its summary judgment motion with evidence aimed at showing that the authority to terminate officers had been delegated by the board of directors to the president and that the president's action was ratified by the board. The principal basis for defendant's delegation argument is the provision of its bylaws defining the president's authority as including "general and executive supervision of [defendant's] business affairs." Plaintiff responds that that very general definition of presidential authority is too "vague" to establish as a matter of law that there was a delegation of the board's specific authority to dismiss officers. Defendant replies that, under case and textual authority relating to corporation law, general grants of authority to managing officers embrace specific operational and managerial matters, such as the hiring and firing of employes.

The difficulty with defendant's argument is that we are concerned here with the delegation of a specific statutory duty, not simply with the managerial powers that normally accompany a general conferral of authority in the articles or bylaws of a corporation. Section 24 (Fifth) explicitly confers the responsibility for the hiring and dismissal of officers on the board of directors. Other provisions of the national banking laws make it clear that Congress knows how to manifest its intent about what powers are exercisable only by the board and what powers may be exercised by subordinate entities. *See, e.g.,* 12 USC § 24 (Seventh) ("board of directors or duly authorized officers or agents"). Defendant's argument rests on the premise that the board may divest itself of a duty that Congress has placed on it by enacting a bylaw which makes no reference to that duty but which, if there were no statute, *might* be sufficient under general corporation law principles to confer hiring and firing authority on the president.

We consider that premise to be incorrect, because the authority to hire and fire the officers of national banks is not simply a matter of corporate organization; it is a matter which Congress has deemed sufficiently important to regulate by statute and to entrust to the highest decision-making entity in the corporate structure. Assuming that the power to terminate officers is delegable, neither the general language of defendant's bylaw describing the president's powers nor the similarly general language in defendant's other exhibits suffices to show as a matter of law that the board intended to delegate that particular statutory duty. Plaintiff argues that there is a question of fact as to whether the termination power was delegated to the president. Given that limited argument and the fact that we are not reviewing a case in which there was a cross-motion for summary judgment, we need not decide whether the evidence demonstrated *as a matter of law* that there was *no* delegation.

Defendant argues next that the board ratified the president's dismissal of plaintiff. That argument is contrary to *Wiskotoni v. Michigan Nat. Bank-West,* 716 F2d 378 (6th Cir 1983), and, more importantly, to the understanding of that decision which we expressed in *McWhorter v. First Interstate Bank, supra,* 67 Or App at 439, n 3. Defendant's efforts to distinguish this case from *Wiskotoni* are unpersuasive. We

conclude that defendant was not entitled to summary judgment on the basis of its statutory arguments.[1]

■ The second basis for defendant's summary judgment motion was that plaintiff suffered no damage. He sought damages for diminution of income, lost future earnings, the cost of obtaining new employment and emotional distress. Defendant argues that the unrefuted evidence negates plaintiff's allegations that he sustained damages of the first three kinds and that he cannot seek emotional distress damages in this action as a matter of law.

With respect to the first item of claimed damages, defendant acknowledges that the salary plaintiff received at his next job was less than the salary defendant paid him. However, defendant argues that plaintiff chose to work less than full time at the new position and that his "effective full-time salary rate," adjusted to reflect the amount he would have been paid but for his choice to work part time, was greater than the salary defendant had paid him. Plaintiff testified in his deposition that his salary at the new position was not reduced or prorated to reflect the part-time arrangement. There is a question of fact as to whether plaintiff sustained damages, and the trial court erred by allowing the motion for summary judgment.[2]

Reversed and remanded.

---

[1] Because we remand, we do not address in detail plaintiff's argument that defendant failed to raise the immunity issue through an affirmative defense. Although defendant did file an answer, it was not required to do so before moving for summary judgment. The adequacy of defendant's pleadings is for the trial court to consider and for plaintiff to raise on remand.

[2] Because we remand, it is unnecessary for us to consider whether defendant showed at the time of the trial court proceeding that there were no material factual questions in connection with the other alleged damages. Although defendant's appellate argument on the emotional distress damages issue focuses entirely on whether such damages can be recovered in this action as a matter of law, its argument in the trial court also raised the point that, as a matter of fact, plaintiff suffered no compensable emotional distress. We do not know what the basis or bases for the trial court's decision were.

We are aware that our present opinion, like our earlier one, leaves certain questions unresolved. We do not intend to allow defendant's approach to the defense of this case to cause us to decide the issues in it piecemeal, except to the extent necessary to resolve the successive appeals occasioned by defendant's methodology.