PER CURIAM.
Both the facts and controlling authorities are thoroughly treated in Judge Jorgen-son’s opinion. We come to the opposite conclusion, however, as to the appropriate result. In our view, the arrangement under which the appellant was required to pay Bennett, at the termination of his employment, a year’s salary for unrendered services is directly contrary to the untram-melled right to dismiss officers “at pleasure” conferred by paragraph fifth of the National Bank Act, 12 U.S.C. § 24 (1982). Rohde v. First Deposit Nat’l Bank, 127 N.H. 107, 497 A.2d 1214 (1985); Kemper v. First Nat’l Bank, 94 Ill.App.3d 169, 49 Ill.Dec. 799, 418 N.E.2d 819 (1981); Copeland v. Melrose Nat’l Bank, 229 A.D. 311, 241 N.Y.S. 429 (1930), aff’d, 254 N.Y. 632, 173 N.E. 898 (1930). As these cases hold, the bank’s purported obligation is therefore unenforceable as a matter of law. Rohde; Kemper; Copeland.
Contrary to the dissenter’s analysis, it does not matter that the bank’s payment, as mandated by the terms of the employment agreement, was to be effected through the device of a fund created by another piece of paper called an “escrow agreement.” The substance, as opposed to the form, of the matter is that the escrow is distributable — and the bank is or is not out its 89,000-odd-dollars — according to the controlling provisions of an agreement which the dissent itself appears to acknowledge is invalid. To uphold Bennett’s judgment as “really” stemming from the escrow, rather than the employment contract, “would be” — as was said in Copeland in an only slightly different context — “to countenance a patent subterfuge designed to circumvent the law.” 229 A.D. at 313, 241 N.Y.S. at 430.
Finally, we certainly agree that to deny Bennett the fruits of the severance clause is to deprive him of a benefit, and relieve the bank of a burden, for which they both freely bargained. But that is in the very nature of a ruling declaring a contract invalid and unenforceable as contrary to the public policy established by Congress or the legislature. 4 Williston on Contracts §§ 602A, 615A (3d ed. 1961); 6A Corbin on Contracts §§ 1374-1375 (1962). In Ferguson v. Five Points Nat’l Bank, 187 So.2d 45 (Fla. 3d DCA 1966), we have already made a similar ruling — declaring unenforceable a bank extension of credit upon which a lender had specifically relied to his great financial detriment — with respect to another element of the National Bank Act. We have no power to do otherwise in this case.
Accordingly, the judgment under review is reversed for entry of one in favor of the appellant bank.
Reversed.
SCHWARTZ, C.J., and DANIEL S. PEARSON, J., concur.