JUSTICE SHEEHY,
dissenting:
The first mistake of the majority is its unwarranted interference with the District Court’s interlocutory order for which, if wrong, there is a complete and speedy remedy by appeal. The second mistake of the majority is, having determined to interfere, the members have failed to interpret properly the applicable law relating to the discharge of a bank officer. Had they properly interpreted the law, they had then discovered that there was no genuine issue of material fact before the District Court.
It should have piqued the interest of the majority that in all of the briefs filed by the banks, there is not a single whisper of contention that Pancich was an at-will employee.
It should further have piqued the interest of the majority that in all of the briefs filed by the banks, there is not a single reference to federal law or federal cases bearing on the discharge of a bank of *86 ficer, although in this case the banks involved are national associations.
Had their interest been piqued, they should first have looked at the provisions of 12 U.S.C. § 24, which relates to the discharge of bank officers. The statute provides that a national bank has the power:
“FIFTH. To elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill in their places.” (Emphasis added.)
The effect of 12 U.S.C. § 24 was discussed in McWhorter v. First Interstate Bank (1986), 81 Or.App. 132, 724 P.2d 877, 879, wherein it was contended that the president of a national bank had authority to dismiss a bank officer. The Oregon court said:
“The difficulty with defendant’s argument is that we are concerned here with the delegation of a specific statutory duty, not simply with the managerial powers that normally accompany a general conferral of authority in the articles or bylaws of a corporation. Section 24 (Fifth) explicitly confers the responsibility for the hiring and dismissal of officers on the board of directors. Other provisions of the national banking laws make it clear that Congress knows how to manifest its intent about what powers are exercisable only by the board and what powers may be exercised by subordinate entities. See, e.g. 12 U.S.C. § 24 (Seventh) (‘board of directors or duly authorized officer or agents’).
“We consider that premise to be incorrect, because the authority to hire and fire the officers of national banks is not simply a matter of corporate organization; it is a matter which Congress has deemed sufficiently important to regulate by statute and to entrust to the highest decision making entity in the corporate structure . . .”
In Mahoney v. Crocker Nat’l Bank (N.Dist.Cal., 1983), 571 F.Supp. 287, discharged national bank officers brought suit against the bank based on the federal Age Discrimination in Employment Act. The bank sought to interpose the defense that because it was a national bank, its bank officers served at pleasure under the National Banking Act, 12 U.S.C., section 24. The appeals court held that because the plaintiff bank officers had not been discharged by the bank’s board of directions, nor by an officer empowered by the by-laws to discharge bank officers, the defense of at-will employ *87 ment was not available to the bank, since the dismissal of the bank officers was not done in a manner authorized by the National Banking Act, 12 U.S.C., section 24. Mahoney, 571 F.Supp. at 290-291.
In this case, one member of the majority has concluded that because in Mahoney the bank sought to use the National Banking Act in defense, the provisions of the Act are available only to banks as a defense, and that plaintiffs cannot rely on those same provisions to prove an improper discharge. On that basis the member of the majority refuses to acknowledge the right of a discharged bank officer to rely on the procedures established by Congress for the hiring and firing of bank officers in 12 U.S.C., section 24, saying the Act is only available to a bank as a matter of defense. There is no way for me to explain that rationale: Clearly, it seems to me, while it is true that under the National Banking Act, a bank officer is an at-will employee, under the same Act, his dismissal can only be by the board of directors in concert, or by someone authorized in the by-laws to dismiss the bank officer. Any other kind of dismissal is against law and gives rise to liability.
In this case, the discharge of Pancich was by John Reichel, and not by the board of directors. Attempt was made by the bank to show that the board of directors ratified the discharge. Under the cases, they are not helped by that attempt. It is old law and undisputed to this date that the assent of the individual members of the board, acting separately and singly, and not when acting as a unit, is not the assent of the bank, and is not binding on the bank. First Nat. Bank v. Drake (1886), 35 Kan. 564, 11 P. 445, 447. In Wiskotoni v. Michigan Nat. Bank-West (6th Cir. 1983), 716 F.2d 378, 387, the federal court held that an attempt by the board of directors to ratify the president’s action in terminating an officer did not satisfy the statutory requirement that officers of a national bank be dismissed by an action of the bank’s board of directors. Ratification therefore is impossible. The Oregon court recognized the authority of Wiskotoni and refused to recognize an attempted ratification of a discharge by the board of directors after the fact. McWhorter v. First Interstate Bank (1986), 81 Or.App. 132, 724 P.2d 877, 879. In the light of those decisions and the plain statutory language of 12 U.S.C. § 24 (Fifth), the District Court was eminently correct in holding:
“IT IS ORDERED that said motion is overruled and denied for the reason that a discharge is not ratifiable by the board after defendants executed the discharge of plaintiff . . .”
There is no legal requirement that a district court in ordering sum *88 mary judgment should express reasons or give a legal analysis as referred to in the majority opinion. We have suggested that such be done but if the district court does not do so, this Court is not excused from its duty to examine the law to determine if the summary judgment is proper. In this case, an examination of the applicable law shows that the order of the district court was correct.
The legal situation in this case boils down to this: John Reichel, as the regional managing director of the western Montana region of First Bank System, or as a director of the bank, in discharging Robert M. Pancich from the presidency of First Bank West, Great Falls, acted completely against a Congressional statute. It is not relevant in this situation that First Bank West might otherwise have had good cause to discharge the president. If it had such cause, it could only act through its board of directors. Reichel plainly tortiously interfered with the contractual relation between Pancich and his bank. A violation of a federal statute with respect to discharge is certainly a breach of the implied covenant of good faith and fair dealing — if expected compliance with federal statutes is not inherent in a national bank officer, what importance can we attach to mere personnel brochures upon which we have previously supported implied covenants? Public policy ordained by Congress through its national banking laws requires that an officer be discharged only by the board of directors of a national bank. When public policy has been violated in connection with a wrongful discharge, a cause of action arises. Keneally v. Orgain (1980), 186 Mont. 1, 5-6, 606 P.2d 127, 129.
Moreover, there is no basis for the contention that John Reichel has no personal liability in this matter. He is the person who violated the Congressional statute. Under the National Banking Act he had no authority to remove Pancich as a bank officer. The order of the District Court fixing liability for a wrongful discharge upon the defendant Reichel was eminently proper in this case.
There is further no basis to contend that a question of fact exists as to the liability of First Bank System. In discharging Pancich, Reichel was acting as the agent of First Bank System. A corporation is liable for the wrongful acts of its agents when the agents are acting in the course and scope of their .employment. First Bank System is responsible for Reichel’s wrongful acts.
The foregoing applicable law convinces me that there is no genuine issue of material fact as to the liability of the defendants and that the District Court properly ordered summary judgment on that *89 point. Even if I were not so convinced, however, I would still not grant supervisory control because such action is a plain interference with the District Court proceedings from which there is complete, adequate and speedy remedy by appeal. The majority cites a number of cases in which we granted summary judgment but that simply glosses over what is occurring here, a direct interloping into the district court process on improvident grounds. I am outraged at the effect on the District Court proceedings. The District Court, after granting partial summary judgment had fixed trial of the cause for September 29, 1989. This Court vacated that trial setting, acting through its majority. In their exorbitant worry over “needless and expensive litigation” and “attendant publicity” the majority here have made the district court trials more expensive and burdensome, and necessarily increased the expense of the litigation — quite needlessly, in view of the law. The same thing happened recently in State ex rel. Burlington Northern v. District Court (Mont. 1989), [239 Mont. 207,] 779 P.2d 885, 46 St.Rep. 1625. There, an injured railroad worker lost his trial setting by the action of this Court. It is too late to rectify the loss of a trial setting in the case at bar but we should at least refuse supervisory control.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE SHEEHY.