Argued and submitted January 20, affirmed September 15, 1999

# John Earl BRASCH,
*Appellant,*

*v.*

# Lily QUAN,
dba China Garden,
*Respondent.*

## (16-97-05494; CA A101749)

986 P2d 1183

Nickolas Facaros argued the cause for appellant. With him on the brief was Facaros & Rosas.

No appearance for respondent.

Before Landau, Presiding Judge, and Linder, Judge, and Warren, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this action for unlawful discrimination in a place of public accommodation, plaintiff appeals a judgment awarding him $25,000 damages. He contends that the trial court erred in awarding him less than the $500,000 he requested in his amended complaint. He also contends that the trial court erred in denying his motion for leave to amend his complaint further to conform to evidence adduced at trial. We affirm.

The relevant facts are undisputed. Defendant owns and operates a restaurant. Plaintiff is wheelchair-bound as a result of an automobile accident that occurred some years ago. He decided to eat at defendant's restaurant but was refused service. Plaintiff initiated this action under ORS 659.425(3), which prohibits any place of public accommodation from discriminating against a customer because the customer is a disabled person. He alleged that he suffered "humiliation, embarrassment, mental anguish, emotional distress, and psychic injury," for which he claimed $25,000 in damages.

Plaintiff later amended his complaint. The sole change was the amount of the damages alleged. In the amended complaint, plaintiff alleged that he suffered $500,000 in damages as a result of defendant's unlawful conduct.

Plaintiff and defendant entered into a covenant by the terms of which defendant agreed to permit plaintiff to obtain a default judgment, and plaintiff agreed to seek any damages recovered against defendant's insurer. Plaintiff obtained a default judgment, and the court ordered a hearing on the amount of his damages.

At the hearing, plaintiff was the only witness. He testified that he felt humiliated and embarrassed as a result of defendant's refusal to serve him and that the incident caused him to suffer various psychological and physical ailments. After taking the matter under advisement, the trial court entered findings and conclusions, which include:

"The Amended Complaint states a claim for relief based upon Unlawful Discrimination in a Place of Public Accommodation and seeks compensatory damages and an award of reasonable attorney fees. An Order of Default was entered against Defendant * * *.

"The default establishes the truth of the allegations of material fact set forth in the Complaint. *Rajneesh Foundation v. McGreer*, 303 Or 139 (1987).

"* * * * *

"4.    The Court finds that Plaintiff suffered humiliation, embarrassment, mental anguish, emotional distress, and psychic injury as a result of Defendant's actions, and is entitled to recovery of compensatory damages * * *.

"5.    The Court finds that Plaintiff is entitled to compensatory damages in the amount of $25,000.00 * * *."

The trial court entered judgment in favor of plaintiff for $25,000. Plaintiff then filed a motion for leave to amend to conform to the evidence he offered at the hearing. Specifically, he asked for leave to include in the amended complaint allegations that defendant's refusal to serve him caused him

"nausea, a loss of weight due to loss of appetite, an inability to sleep, nightmares, flashbacks, headaches, gritting of his teeth, clenching of his jaw, a rash on his forehead, and a quadriplegic condition due to prolonged inactivity."

The court denied the motion.

On appeal, plaintiff first argues that the trial court erred in awarding only $25,000 damages. According to plaintiff, the trial court apparently based its finding as to the amount of damages on the allegations of the original complaint, instead of the amended complaint. He contends that, on the undisputed evidence that he produced at trial, the court was bound to find that he was damaged in the amount that he alleged in the amended complaint.

ORCP 67 C(2) provides:

"Where a demand for judgment is for a stated amount of money as damages, any judgment for money damages shall not exceed that amount."

By its terms, the rule *permits* the court to award up to the amount of damages pleaded; in no way does the rule *require* the court to do so. Ascertainment of damages generally is a question of fact. *McWhorter v. First Interstate Bank of Oregon*, 81 Or App 132, 136, 724 P2d 877 (1986). We will reverse a finding of fact in a civil case only when we can say affirmatively that there is a complete absence of evidence to support it. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984). In this case, plaintiff does not suggest that there is such a complete absence of evidence, and we find none. We reject plaintiff's contention without further discussion.

Plaintiff next argues that the trial court erred in denying his motion for leave to amend to conform to the evidence. He contends that, under ORCP 23 B, the trial court lacked discretion to deny his motion. We do not agree.

■ ORCP 23 B provides, in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

The trial court's decision to allow or to deny a motion under ORCP 23 B is reviewed for an abuse of discretion. *Finney v. Bransom*, 326 Or 472, 483, 953 P2d 377 (1998).

■ By his motion, plaintiff did not attempt to raise a new issue not previously raised by the pleadings. He merely sought to insert into the complaint additional evidence of the harm he suffered as a result of defendant's refusal to serve him, evidence that already had been put before the trial court without objection. Nothing in the record suggests that the court did not consider that evidence in determining the award of damages. The court did not abuse its discretion in declining to permit plaintiff to amend his complaint to reflect that evidence.

Affirmed.