# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EUGENE SCHWEIKERT,
        *Plaintiff-Appellant,*

v.

BANK OF AMERICA, N.A.,
        *Defendant-Appellee.*

No. 06-2137

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(8:06-cv-00292-PJM)

Argued: December 5, 2007

Decided: April 1, 2008

Before WILKINSON and KING, Circuit Judges, and
Henry F. FLOYD, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge Floyd wrote the opinion, in
which Judge Wilkinson and Judge King concurred.

## COUNSEL

**ARGUED:** Laurence S. Kaye, Gaithersburg, Maryland, for Appellant. Elena Daly Marcuss, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Julie Glass Martin-Korb, Rockville, Maryland, for Appellant. Douglas M. Topolski, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for Appellee.

**OPINION**

FLOYD, District Judge:

Eugene Schweikert appeals the district court's order dismissing the complaint against Bank of America, N.A. ("Bank") in this action. Specifically, Schweikert contends that the district court erred by concluding that (1) Schweikert was an "officer," whose claim was preempted by the National Bank Act ("NBA"); and (2) Schweikert was dismissed "by" the Bank's Board of Directors ("Board"), as required by the NBA. For the reasons stated below, we affirm the judgment of the district court.

I.

A.

Schweikert worked for the Bank as a private client manager in the private banking section of the Bank's Chevy Chase, Maryland, office. At the time of his termination, Schweikert's title was Senior Vice President. Schweikert helped a female client of the Bank arrange several loans. When he received a telephone call from a caller who claimed to be an FBI agent, Schweikert declined to divulge the female client's financial records.

On or about April 1, 2005, Schweikert's employment was terminated during a telephone call with one of his supervisors and a member of the Bank's human resources department. Schweikert was told that he was being terminated because of poor judgment and his alleged failure to cooperate with Bank internal and external investigations.

The Bank's Board of Directors ratified Schweikert's termination from employment in its August 2, 2005, meeting. The minutes from the meeting reflect that the

> Board also reviewed proposals to approve the appointment of Bank officers to the levels of Managing Director, Principal, Vice President, Senior Vice President, Executive Vice

President and Group Executive Vice President as set forth on the document dated August 2, 2005 and the appointment of all other officers as recorded in the personnel records of the Bank and to ratify the termination from employment, as officers of the Bank, the individuals listed on the document entitled "Officer Separations" dated August 2, 2005. Upon motion duly made, seconded and unanimously carried, the Board approved the officer appointments and ratified the terminations from employment. Copies of the lists are attached as Exhibits H and I.

Schweikert is included on the Officer Separations list, with a separation date of April 7, 2005.

### B.

Schweikert brought this action against the Bank in Maryland state court, alleging wrongful or abusive discharge. The Bank removed the matter to the United States District Court for the District of Maryland on diversity grounds, then moved to dismiss the complaint on the ground that the claim is preempted by the at-pleasure provision of the NBA.

The district court granted the Bank's motion to dismiss "in all respects except insofar as [Schweikert] claims damages for the interim period from his termination of employment on April 1, 2005[,] to the ratification of said termination by the Board of Directors on August 2, 2005." The district court held that the at-pleasure provision of the Act precluded state common law wrongful discharge claims. However, in the district court's view, a question remained as to whether, as a matter of law, there was a possible window of recovery for the period between Schweikert's termination and the Board action ratifying the termination. Therefore, the district court invited the Bank to file a second motion to dismiss on this limited issue.

Thereafter, Schweikert filed a motion for reconsideration, which was denied by the district court. After the second motion to dismiss was filed and briefed, counsel for Schweikert asked that he be given an opportunity to amend the complaint to add a claim related to the alleged unpaid wages that would not be dismissible in the same way

that the wrongful discharge claim would be. The district court allowed Schweikert twenty days to amend the complaint. Schweikert failed to amend the complaint within the twenty days. Instead, Schweikert asked the court to certify judgment in favor of the Bank so that he could take an instant appeal. This appeal by Schweikert followed.

## II.

We review de novo a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). This Court will construe the factual allegations of the complaint "in the light most favorable to plaintiff." *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984). However, the Court is "not so bound with respect to its legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979).

## A.

Section 24(Fifth) of the NBA provides that national banks shall have the power

> [t]o elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places.

12 U.S.C. § 24(Fifth). "Courts that have considered [the at-pleasure provisions of the Federal Home Loan Bank Act ("FHLBA"), 12 U.S.C. § 1432(a), and the Federal Reserve Act ("FRA"), 12 U.S.C. § 341(Fifth)] have interpreted them consistently with each other and with the at-pleasure clause of the [NBA]." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 983 n.2 (9th Cir. 2005). This Court has previously interpreted the at-pleasure provision of the FHLBA* and held that the

---

*The FHLBA provides, in relevant part, that "[t]he directors of each Federal Home Loan Bank . . . shall have power . . . to select, employ, and fix the compensation of such officers, employees, attorneys, and agents . . . to define their duties, require bonds of them and fix the penalties thereof, and to dismiss at pleasure such officers, employees, attorneys, and agents . . . ." 12 U.S.C. § 1432(a).

plaintiff's state law claims were preempted by the clause. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 220 (4th Cir. 1993) ("Congress intended for federal law to define the discretion which the Bank may exercise in the discharge of employees."). The Court observed that "[a]ny state claim for wrongful termination would plainly conflict with the discretion accorded the Bank by Congress." *Id.*

Consistent with our decision in *Andrews* that the at-pleasure provision of the FHLBA preempts state law claims for wrongful discharge, we hold that the at-pleasure provision of the NBA preempts state law claims for wrongful discharge as well. *Accord Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 525-26 (9th Cir. 1989) (holding that the at-pleasure provision of the NBA preempts state tort and contract claims). Nevertheless, Schweikert contends that even if the at-pleasure provision of the NBA generally preempts state law claims, his wrongful discharge claim is not preempted because the requirements of § 24(Fifth) are not met in this case.

## B.

To invoke the protection of the at-pleasure provision, a national banking association's board of directors must take action to dismiss a bank officer. 12 U.S.C. § 24(Fifth); *Wells Fargo Bank v. Superior Court*, 811 P.2d 1025, 1038 (Cal. 1991). Schweikert argues (1) that he is not an "officer" of the Bank within the meaning of the NBA and (2) that he was not dismissed "by" the Board. We disagree.

## 1.

Schweikert urges the Court to adopt an interpretation that limits "other officers" to those having "unique or special power or authority within the bank analogous to the power of the named officers." (Appellant's Br. 25.) Schweikert further argues that "[a]n 'other officer' must act or function in an executive capacity." (Appellant's Br. 25.) We decline to adopt such a restrictive reading of "other officers."

Courts interpreting the at-pleasure provision have concluded that persons holding comparable positions are officers. *E.g., Mackey*, 867

F.2d at 525 (executive vice president); *Wells Fargo*, 811 P.2d at 1032 (persons holding positions of vice president and serving as branch managers). When deciding this issue, we must remain cognizant of the purpose of the at-pleasure provision of the NBA — "to place the fullest responsibility upon the directors by giving them the right to discharge such officers at pleasure." *Copeland v. Melrose Nat'l Bank of New York*, 241 N.Y.S. 429, 430 (N.Y. App. Div. 1930). The NBA is broadly written and, when naming the officers who may be discharged at pleasure, does not include restrictive words such as "top," "operating," "senior," or "executive."

Schweikert was a Senior Vice President of the Bank. (J.A. at 81-82, 89.) He earned a salary of $135,000 per year. (J.A. at 11.) His appointment to the position of Senior Vice President was approved by the Board on April 27, 2004. (J.A. at 81-86.) The Board's April 27, 2004, resolutions confirm that the corporate title "Senior Vice President" is an officer title of the Bank and was created as provided for in the Bank's bylaws. (J.A. at 87-88.) The district court did not err when it concluded that Schweikert is an officer of the Bank within the meaning of the NBA.

2.

Schweikert next argues that the Board's dismissal power is nondelegable, and, therefore, the Board's ratification of Schweikert's termination does not invoke the preemptive effect of the at-pleasure provision. We reject this argument.

Schweikert relies on *Wells Fargo* to support his argument that ratification is not enough. However, in *Wells Fargo*, the Supreme Court of California held only that the at-pleasure provision does not allow delegation of the dismissal power, but failed to go so far as to hold that a board's ratification of a termination is insufficient. Rather, the court held that "section 24 does not preempt state law causes of action for wrongful discharge by a former national bank officer unless the officer was dismissed by the bank's board of directors itself or the discharge was approved or ratified by the board." *Wells Fargo*, 811 P.2d at 1038.

We hold that ratification by a board of directors of a termination is sufficient to invoke the preemptive effect of the at-pleasure provi-

sion of the NBA. An action recorded in the minutes of a board of directors is an action taken by that board. To hold otherwise would essentially insulate boards of directors from liability for their decisions.

As previously noted, the minutes of the Board's August 2, 2005, meeting indicate that the "Board also reviewed proposals . . . to ratify the termination from employment, as officers of the Bank, the individuals listed on the document entitled 'Officer Separations' dated August 2, 2005." (J.A. at 92.) The document entitled "Officer Separations" includes "Schweikert, Eugene (Beau)" with a separation date of April 7, 2005. (J.A. at 94.) These minutes reflect that the Board exercised its discretion with respect to Schweikert and ratified his termination. Accordingly, the district court did not err when it determined that Schweikert was dismissed by the Board.

### III.

In sum, for the foregoing reasons, we affirm the district court's dismissal of Schweikert's complaint.

*AFFIRMED*